GUILLERMO RAMOS GIRAUD, Petitioner, *v.* DISTRICT COURT OF GUAYAMA, Respondent.

No. 390. Argued March 15, 1943.—Decided March 23, 1943.

*Arturo Aponte* and *Faustino R. Aponte* for petitioner.  *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for respondent.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Guillermo Ramos Giraud was charged on June 17, 1942, by the District Attorney of Guayama, with the crime of murder, the cause having been filed under number 12648 in said court.

On February 5, 1943, the accused asked for the dismissal of the information, on the ground that more than seven months from the date on which it was filed had elapsed. He alleged in his motion that the trial of the case had never been set nor had it been postponed at his request.

The motion having been dismissed, the accused filed in this court a petition for a writ of mandamus wherein we are asked to order the Judge of the District Court of Guayama to dismiss the case. The peremptory writ having been issued, the respondent judge appeared and filed a lengthy answer wherein he alleges, in substance, the following:

That the information was filed on June 17, 1942, and the court set June 22 for the arraignment; and that the accused not having appeared, the arraignment could not be held on the 22d or the 29th of June, for which reason a warrant had to be ordered. The accused was arrested on July 10, 1942, and he gave bond on the 18th of that month. On July 28, 1942, the court set the arraignment for the first available day after its vacation, that is, September 3, 1942.

That it was impossible to set the trial for the criminal term in September, because when the accused was found, the trial calendar for the month of September had already been read, the same having been prepared on June 30, 1942.

That the case could not be set for trial during the month of October 1942 because the marshals were unable to obtain

from the Office of Price Administration the gasoline necessary to enable them to go out and serve the summonses; that the first available month for trial was November and that counting from November 1, 1942, to February 16, 1943, the date set for the trial, there had not elapsed more than 120 days.

That the delay in the arraignment was due to the fault of the accused who changed his residence without taking the trouble to notify the court.

That the district attorney, by motion filed on October 28, 1942, asked that the case be set for trial. When the calendars for November and December 1942, and January 1943, were made up, said motion was considered, but it was impossible to set the case for trial because there were others which were more urgent.

That when cases are placed upon the trial calendar they are placed in the following order: (1) Those in which the accused is imprisoned; (2) those in which the prescriptive term or the statutory term of 120 days is about to expire; and (3) the cases in which the accused or district attorney has asked that it be set for trial.

Petitioner complains that in setting the date for the hearing of the motion for dismissal, the lower court ordered that the district attorney be summoned in order to be heard, without giving the accused an equal opportunity; and that without hearing any evidence whatsoever and solely on the basis of the oral statements of the district attorney, it ruled against the motion for dismissal.

In support of his answer the respondent judge offered the record in case No. 12648 and especially:

1. Copy of the order of June 29, 1942, fixing the criminal term for the period from September 1, 1942, to June 30, 1943, where it was provided in addition that the calendar for the criminal term of September 1942, would be read on June 30, 1942.

2. Order setting the hearing of the motion for dismissal for February 8, 1943, "In order to hear the district attorney so that he may show cause, if any, to justify the delay in the setting for trial of the above-entitled case." The last paragraph of the order reads as follows: "Let notice be given to the attorney for the accused and to the district attorney." In the margin there appears the clerk's certificate which states: "Served with copy this 5th day of February 1943, the district attorney and Attorneys Arturo Aponte and R. F. Aponte, attorneys for the accused."

3. The record in case No. 12648 which contains the steps taken to find the accused and summon him for the arraignment.

4. Motion by the district attorney on October 28, 1942, asking that the case be set for trial.

5. Stenographic record of the hearing of the motion of dismissal.

The contention of the petitioner that his attorneys were not summoned for the hearing of the motion for dismissal is not supported by any evidence. On the contrary, the evidence presented by the defendant judge shows that they were timely summoned. If they did not appear in support of his motion, that was no fault of the lower court.

The district attorney appeared and stated the reasons why the dismissal should not be ordered, referring to the different documents contained in the record of the case. The reasons given by the district attorney are the same given by the judge in his answer and they are supported by what appears from the record.

Petitioner complains that the lower court refused to dismiss the case on the strength of the oral statements of the district attorney without said officer having introduced evidence to show that there was just cause for the trial not being held within the term of 120 days provided by §448 of the Code of Criminal Procedure. And he calls attention to

the decisions of this court in *People* v. *Pérez*, 36 P.R.R. 769 and *Corbet* v. *District Court*, 46 P.R.R. 247.

The first of the two cases reached this court by way of appeal from a judgment rendered after the lower court had refused to order the dismissal. This court having before it solely the record of the appeal, held:

". . . So that in order to destroy the right of a defendant to have the prosecution against him dismissed when he is not brought to trial within the one hundred and twenty days from the filing of the information against him there must exist a good cause to the contrary that must be shown by the district attorney to the satisfaction of the court."

In the cited case the judgment was reversed and the dismissal was ordered because, according to the record, no evidence was introduced in the lower court to justify the order denying the dismissal. This court was of the opinion that "the mere statement by the district attorney that there had existed certain circumstances which in his opinion justified the delay in having a trial is not evidence as to their existence."

The case at bar has not reached us by way of appeal. The accused has invoked the original jurisdiction of this court and has asked us to order the lower court to dismiss the case filed against him. In compliance with the order of this court, the defendant judge has stated the reason which he had for denying the dsmissal; and in support thereof he has offered in evidence the record of the case before the lower court.

In *Corbet* v. *District Court, supra,* this court was asked to order the lower court to dismiss an information for manslaughter because it had been filed more than six months after the accused had been arrested. At the hearing of the motion for dismissal in the lower court no evidence whatsoever was introduced. The district attorney limited himself to stating that when he assumed the duties of his office he

found a previous investigation unfinished and he had to finish it. It was held that the excuses given by the district attorney were inadequate and did not justify the delay had in the filing of the information. In issuing the peremptory writ of mandamus this court stated as follows:

". . . The burden was on the district attorney to justify his failure to file an information within the statutory period. The motion should have been granted *unless the admitted facts or those of which the court could take judicial notice amounted to good cause for delay.* The record of the hearing does not show that in the oral argument any facts were expressly admitted or stated without objection." (Italics ours.)

In the case at bar the lower court was justified in taking judicial notice that from June 17 until July 10, 1942, it was impossible to summon the accused for the arraignment because he had changed residence several times without giving notice to the court. The record of this case contains the summons issued by the clerk and served by the Insular Police. From them it appears that a search was made for the accused in Patillas, in Humacao, and lastly in ward Eleanor Roosevelt, Hato Rey, where he was finally found and arrested in July 10, 1942.

If the accused had been interested in being tried at the earliest possible moment, surely he would have taken the trouble to notify the court of his changes of residence in order that prompt notice could have been given him of the dates for the several proceedings which precede a trial. Because he did not do so, he prevented the arraignment from taking place on June 22 or 29 and he prevented his case from being set for trial and included in the calendar made out on June 30, 1942. For the same reasons and because the court was on vacation during the months of July and August, the arraignment could not be held until September 3, 1942. It is true that neither excessive work on the part of the court, nor the fact that the court was on vacation (*De Gracia v. District Court,* 52 P.R.R. 589) are by themselves

sufficient to justify the delay in holding the trial, but these circumstances, added to others in ·which the accused took part, may constitute the just cause to which paragraph 2 of §448 of the Code of Criminal Procedure refers.

In *Castro* v. *District Court*, 58 P.R.R. 791, at the arraignment the accused asked for and was granted a 10-day term to plead. This term was extended to 17 additional days at the instance of the accused. The term having expired without the accused having filed any plea whatsoever the court ordered the clerk to enter a plea of not guilty. Seventy-seven days after the expiration of the extension for pleading and 127 days after the date of the filing of the information, the court set the case for trial. The accused prayed its dismissal, which was denied; then he brought an appeal to this court, and in holding that mandamus did not lie we said:

"It is true that from the date of the presentment of the information—November 25, 1940—until the date set for the trial—April 2, 1941—127 days elapsed. But it is no less true that of those 127 days, eighteen, that is, those comprised between December 9 and December 27, 1940, were fruitlessly spent by the defendant requesting terms and extensions within which to enter pleas which he never made, which reveals that it was his intention to delay the trial and not to secure the speedy trial to which he is entitled in accordance with the law.

"It is not possible to permit that a defendant resort to dilatory tactics to prevent the trial from being held and that later he may invoke his own acts to complain because the trial was not held within the term fixed by the statute. If we discount from the 127 days the eighteen which elapsed from December 9 to December 27, 1940, it becomes evident that the actual term elapsed from the filing of the information until the date set for the trial, is reduced to 109 days. See *People* v. *Valdespino*, 31 P.R.R. 500; *The People* v. *Díaz et al.*, 22 P.R.R. 177; *People* v. *Balzac*, 56 P.R.R. 622; *People* v. *Rodríguez*, 57 P.R.R. 20; *Gerardino* v. *People*, 29 F. (2d) 517."

In the case at bar because of the accused's neglect or dilatory tactics consisting in having changed residence with-

out notifying the court, the 23 days comprised between June 17 and July 10, 1942, elapsed to no purpose, without it being possible to locate the accused and summon him for the arraignment. In the calendar for the month of September prepared in June 30, it was not possible to include the case because the calendar was complete with more urgent cases. It was impossible to set the case for trial on the month of October 1942, because of a fact that was beyond the court's control—scarcity of gasoline due to war conditions—of which fact the court took judicial notice. The month of November was employed in the holding of trials in cases where the defendants were imprisoned. In October the district attorney asked that the case against the petitioner herein be included in the calendar for December. It could not be done because all the available days in that month were taken at the express request of the attorneys for the defense, who were the same attorneys who represented petitioner, in the hearing of a case against several defendants who asked that their trial be held as soon as possible.

The record before us does not show that the accused made any effort to demonstrate his interest in a speedy trial. He could have been tried in September but was not tried due to his own fault. The record convinces us that no just and sufficient cause existed for delaying the setting of the case for trial and that the court acted correctly in denying the motion for dismissal. The writ prayed for will therefore be denied.

Mr. Justice De Jesús did not participate herein.